**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| EMMA ROBINSON, | * |
| | * |
| Plaintiff, | *   Case No. 3:21-cv-24-HTW-LGI |
| | * |
| vs. | * |
| | * |
| ZENRESOLVE, LLC, | * |
| | * |
| | * |
| Defendant. | * |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. Plaintiff Emma Robinson ("Plaintiff") brings this action against Defendant ZenResolve, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections

1

of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

9. Plaintiff is a natural person who at all relevant times resided in the State of Mississippi, County of Madison, and City of Ridgeland.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person allegedly obligated to pay a debt.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. In connection with the collection of the Debt, Defendant sent Plaintiff written communication via email dated September 4, 2020.

18. A true and correct copy of Defendant's September 4, 2020 email is attached to as Exhibit A.

19. Defendant's September 4, 2020 email was its initial communication with Plaintiff with respect to the Debt.

20. Defendant's September 4, 2020 email open by stating, in large, gray-colored print: "We're here to help with your account, Emma." Exhibit A.

21. Defendant's September 4, 2020 email then advises Plaintiff, in smaller-sized, gray-colored print that it is a debt collection agency that has been asked "to help you settle your outstanding balance of $1,345.37." *Id*.

22. Defendant's September 4, 2020 email then provides Plaintiff, in the same smaller-sized, gray-colored print, with options for paying the Debt and invites her to "access your account by clicking the button below, or you can call us at **(800) 225-1375**." *Id*. (emphasis in original).

23. The button to access Plaintiff's account was placed directly underneath the aforementioned statement in bright orange and stated, in all-caps white-colored print: "VIEW PAYMENT OPTIONS." *Id*. (emphasis in original).

24. Directly underneath the button, in the same smaller-sized, but blue-colored print, Defendant's September 4, 2020 email concludes by stating: "We can help you no matter what your current financial situation is. Log in to your account to set up a payment plan." *Id*.

25. However, the notices required in an initial communication by 15 U.S.C. § 1692g(a) were placed at the bottom of its September 4, 2020 email in gray-colored print that was even *smaller* than the other smaller-sized print. *Id*.

26. Upon receiving Defendant's September 4, 2020 email, Plaintiff, or the least sophisticated consumer, would not be alerted that important information is printed at the bottom of Defendant's email.

27. By failing to alert Plaintiff, or the least sophisticated consumer, that important information is printed at the bottom of Defendant's September 4, 2020 email, Defendant

overshadowed Plaintiff's right to dispute and request verification of the Debt within the 30-day time period.

28. Nevertheless, Plaintiff subsequently sent Defendant a timely dispute letter dated September 29, 2020.

29. A true and correct copy of Plaintiff's September 29, 2020 dispute letter is attached as Exhibit B.

30. Upon information and belief, Defendant received Plaintiff's September 29, 2020 dispute letter no later than October 4, 2020.

31. Despite receiving Plaintiff's September 29, 2020 dispute letter, Defendant continued its efforts to collect the Debt without first obtaining and mailing Plaintiff verification of the Debt.

32. In connection with the collection of the Debt, Defendant sent Plaintiff four subsequent emails on October 8, 2020, October 16, 2020, October 26, 2020, and November 6, 2020 (collectively, the "Collection Emails").

33. A true and correct copy of the Collection Emails are attached as Exhibit C.

34. Each Collection Email continued to inform Plaintiff of the balance of the Debt and solicited payment.

35. At no point after receiving Plaintiff's dispute letter did Defendant send Plaintiff verification of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides

information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

38. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

39. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

40. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the notices required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

41. Defendant also violated 15 U.S.C. § 1692g(b) by, after having received a timely written communication from Plaintiff disputing the Debt, continuing collection without having first obtained and mailed Plaintiff verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

 e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

42. Plaintiff repeats and re-alleges each factual allegation above.

43. "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer." 15 U.S.C. § 1692c(c).

44. The only exception to this directive to cease communication is that the debt collector may send one further communication only to advise that it is ceasing communication, or that it may or intends to invoke a specified remedy. 15 U.S.C. § 1692c(c)(1)-(3).

45. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

46. Plaintiff repeats and re-alleges each factual allegation above.

47. Among the protections in the FDCPA is the general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

48. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 13, 2021

                                        Respectfully submitted,

                                        <u>s/Curtis R. Hussey</u>
                                        Curtis R. Hussey
                                        MSB No. 9495
                                        Hussey Law Firm, LLC
                                        82 Plantation Pointe Road, No. 288
                                        Fairhope, AL 36532-1896
                                        Telephone: (251) 928-1423
                                        Facsimile: (866) 317-2674
                                        chussey@ThompsonConsumerLaw.com
                                        Attorney for Emma Robinson

                                        Correspondence address:
                                        5235 E. Southern Ave., D106-618
                                        Mesa, AZ 85206